

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



```
------------------------------------------------------ x
BROADCAST MUSIC, INC.; T/Q MUSIC INC.    :
d/b/a TRIO MUSIC COMPANY; FORT KNOX      :
MUSIC, INC.; SONGS OF UNIVERSAL, INC.;   :
NEW THUNDER MUSIC CO.; EMI               :
BLACKWOOD MUSIC, INC.,                   :
                                         :
                    Plaintiffs,          :
                                         :
             v.                          :
                                         :
FLATIRON ROOM OPERATIONS LLC d/b/a       :
THE FLATIRON ROOM; THOMAS TARDIE;        :
PAUL WEISSMAN; STEVEN BECK;              :
KENNETH J. TEDALDI; DENIS LANGEVIN;      :
GLORIANA TARDIE; and ROBERT              :
GOLDSTEIN,                               :
                                         :
                    Defendants.          :
------------------------------------------------------ x
```

CIVIL ACTION NO.:

## VERIFIED COMPLAINT

Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.     This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3.     Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to

license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff T/Q Music Inc. is a corporation d/b/a Trio Music Company.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Fort Knox Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Songs of Universal, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff New Thunder Music Co. is a sole proprietorship owned by Norman Gimbel.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff EMI Blackwood Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.      Defendant Flatiron Room Operations LLC is a limited liability company organized and existing under the laws of the state of New York, which operates, maintains and controls an establishment known as The Flatiron Room, located at 37 West 26th Street, New York, New York 10010-1025, in this district (the "Establishment").

11.      In connection with the operation of the Establishment, Defendant Flatiron Room Operations LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

#2057786 v1
110887-86432

12.     Defendant Flatiron Room Operations LLC has a direct financial interest in the Establishment.

13.     Defendant Thomas Tardie is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

14.     Defendant Thomas Tardie has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

15.     Defendant Paul Weissman is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

16.     Defendant Paul Weissman has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

17.     Defendant Steven Beck is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

18.     Defendant Steven Beck has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

19.     Defendant Kenneth J. Tedaldi is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

#2057786 v1
110887-86432

20.     Defendant Kenneth J. Tedaldi has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

21.     Defendant Denis Langevin is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

22.     Defendant Denis Langevin has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

23.     Defendant Gloriana Tardie is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

24.     Defendant Gloriana Tardie has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

25.     Defendant Robert Goldstein is a member of Defendant Flatiron Room Operations LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.

26.     Defendant Robert Goldstein has the right and ability to supervise the activities of Defendant Flatiron Room Operations LLC and a direct financial interest in that limited liability company.

## CLAIMS OF COPYRIGHT INFRINGEMENT

27.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 26.

4

28.     Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

29.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the four (4) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

30.     For each musical composition identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

31.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

32.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff

5

BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

33.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

34.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

#2057786 v1
110887-86432

(IV)   Plaintiffs be granted such other and further relief as is just and equitable.

Dated:  March 20, 2014                     Respectfully submitted,

                                           GIBBONS, P.C.


                                           By: _____
                                                 Catherine M.C. Farrelly (CC5575)
                                           One Penn Plaza, 37th Floor
                                           New York, NY 10119
                                           Tel: 212-613-2071
                                           Fax: 212-554-9651
                                           E-Mail: cfarrelly@gibbonslaw.com

                                           *Attorneys for Plaintiffs*

#2057786 v1
110887-86432

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Don't Worry, Be Happy |
| Line 3 | Writer(s) | Robert Keith McFerrin, Jr. |
| Line 4 | Publisher Plaintiff(s) | Robert Keith McFerrin, Jr. d/b/a Probnoblem Music |
| Line 5 | Date(s) of Registration | 1/22/88 |
| Line 6 | Registration No(s). | PAu 1-053-089 |
| Line 7 | Date(s) of Infringement | 07/11/2013 |
| Line 8 | Place of Infringement | The Lamp Post Inn |

---

| | | | | | |
|---|---|---|---|---|---|
| Line 1 | Claim No. | 2 | | | |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues | | | |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash | | | |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. | | | |
| Line 5 | Date(s) of Registration | 2/13/84 | 1/13/83 | 9/14/56 | EU 418371 |
| Line 6 | Registration No(s). | RE 196-295 | RE 153-380 | Ep 102326 | 11/30/55 |
| Line 7 | Date(s) of Infringement | 07/11/2013 | | | |
| Line 8 | Place of Infringement | The Lamp Post Inn | | | |

---

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Margaritaville |
| Line 3 | Writer(s) | James William Buffett a/k/a Jimmy Buffett |
| Line 4 | Publisher Plaintiff(s) | James W. Buffett, an individual d/b/a Coral Reefer Music |
| Line 5 | Date(s) of Registration | 2/14/77    2/22/80 |
| Line 6 | Registration No(s). | Eu 763463    PA 59-700 |
| Line 7 | Date(s) of Infringement | 07/11/2013 |
| Line 8 | Place of Infringement | The Lamp Post Inn |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Rocket Man |
| Line 3 | Writer(s) | Elton John; Bernie Taupin |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/8/72 |
| Line 6 | Registration No(s). | Efo 156255 |
| Line 7 | Date(s) of Infringement | 07/11/2013 |
| Line 8 | Place of Infringement | The Lamp Post Inn |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Summer Breeze |
| Line 3 | Writer(s) | James Seals a/k/a Jimmy Seals; Darrell Crofts a/k/a Dash Crofts |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Billie Lee Crofts, an individual d/b/a Faizilu Publishing; Jimmy Seals and Ruby Jean Seals, a partnership d/b/a Sutjujo Music |
| Line 5 | Date(s) of Registration | 5/17/71    11/3/72 |
| Line 6 | Registration No(s). | Eu 273644    Ep 305838 |
| Line 7 | Date(s) of Infringement | 07/11/2013 |
| Line 8 | Place of Infringement | The Lamp Post Inn |

| Line 1 | Claim No. | 6 | |
|--------|-----------|---|---|
| Line 2 | Musical Composition | Ring Of Fire | |
| Line 3 | Writer(s) | June Carter; Merle Kilgore | |
| Line 4 | Publisher Plaintiff(s) | Painted Desert Music Corporation | |
| Line 5 | Date(s) of Registration | 11/23/90 | 9/17/62 |
| Line 6 | Registration No(s). | RE 498-587 | Ep 167400 |
| Line 7 | Date(s) of Infringement | 07/11/2013 | |
| Line 8 | Place of Infringement | The Lamp Post Inn | |

## VERIFICATION

STATE OF TENNESSEE  )
                    ) ss.:
COUNTY OF DAVIDSON  )

Lawrence E. Stevens, being duly sworn, deposes and says:

I am an Assistant Vice President, Licensing, for Plaintiff Broadcast Music, Inc.  I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Lawrence E. Stevens

Sworn to before me this
13th day of March 2014.

_____
Notary Public

DIANA L. JOHNSTON
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY, TENN.
My Commission Expires AUG. 23, 2016